IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOLARINWA ANDREW ADEYALE  :
:
   v. : Civil Action No. DKC 15-3337
Criminal No. DKC 10-0596-002
:
UNITED STATES OF AMERICA
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion to vacate sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Bolarinwa Andrew Adeyale. (ECF No. 386). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to vacate will be denied.

**I. Background**

On February 12, 2012, Petitioner was convicted of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349, two counts of bank fraud in violation of 18 U.S.C. § 1344, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. (ECF No. 268; see ECF No. 337-1, at 2). The presentence investigation report ("PSI") grouped the conspiracy to commit bank fraud and two counts of substantive bank fraud together, found an offense level of 28, and calculated a United States Sentencing Guidelines ("Guidelines" or "USSG") range

between seventy-eight and ninety-seven months. The aggravated identity theft carried with it a mandatory twenty-four months imprisonment to be imposed consecutively.

Prior to sentencing, the Government and Petitioner agreed to reduce the total enhancement from 14 to 12 based "largely on the fact that that [was] the enhancement that was assessed to [Petitioner's] co-Defendant[.]" (ECF No. 358, at 5). This reduced the sentencing range to between sixty-three and seventy-eight months. In his sentencing memorandum, Petitioner's counsel did not object to the Guidelines range but argued for a below Guidelines sentence. (ECF No. 324).

On March 4, 2013, Petitioner received a below Guidelines sentence of 60 months on the bank fraud related offenses along with a consecutive twenty-four months for aggravated identity theft. (ECF No. 328). The United States Court of Appeals for the Fourth Circuit affirmed the sentence. (ECF No. 337).

Petitioner filed the pending motion to vacate sentence pursuant to 28 U.S.C. § 2255 on October 30, 2015. (ECF No. 386). The Government responded. (ECF No. 389).

**II. Standard of Review**

To be eligible for relief under § 2255, a petitioner must show, by a preponderance of the evidence, that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose

2

such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).  A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978).  But if the § 2255 motion, along with the files and records of the case, conclusively shows that he is not entitled to relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. § 2255(b).

To prevail on a claim of ineffective assistance of counsel, a petitioner needs to show that "counsel's efforts were objectively unreasonable when measured against prevailing professional norms."  *Frazer v. South Carolina*, 430 F.3d 696, 703 (4th Cir. 2005).  "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]"  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  In addition, a petitioner must show prejudice meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different."  *Id.* at 694.

**III. Analysis**

Plaintiff argues counsel was ineffective for failing to object to the offense level because "the evidence was not

sufficient to enhance [his] sentence for sophisticated means" and for not objecting to the loss amount because "the loss amount was based on actual loss[.]" (ECF No. 386, at 4). The Government contends that "[b]oth of the [Petitioner's] ineffective assistance claims are meritless[.]" (ECF No. 389, at 2).

Petitioner's counsel was not ineffective for failing to object to a sophisticated means enhancement because Petitioner did not receive a sophisticated means enhancement. Petitioner does not cite to anything in the record, nor does the PSI mention a sophisticated means enhancement. The Government denies Petitioner received one. At sentencing, in describing the Petitioner's scheme, the court did not "want to say sophisticated means because that [was] another enhancement" which Petitioner did not receive and instead described it as "savvy." (ECF No. 358, at 31). Therefore, Petitioner's first claim of ineffective assistance of counsel fails.

Petitioner also alleges that the actual loss amount was less than the range used in calculating his offense level. Under the Guidelines, "loss is the greater of actual loss or intended loss." USSG § 2B1.1 comment n.3(A). "In calculating the amount of loss for the purpose of the § 2B1.1(b)(1) enhancement, a district court may consider the 'greater of actual loss or intended loss' and must only make a 'reasonable

4

estimate' of that amount based on available information." *United States v. Otuya*, 720 F.3d 183, 191 (4th Cir. 2013). Petitioner has not alleged that the range used was higher than the intended loss for his offense, and, therefore, he has failed to state a claim entitling him to relief. Moreover, the Government had evidence showing actual loss from the entire conspiracy of greater than $400,000 and intended loss greater than $1,000,000. (ECF No. 200-1). Counsel negotiated with the Government for a lower loss amount reducing the specific offense characteristics and sentence range. (ECF No. 389, at 7; *see* ECF No. 358, at 4). Counsel's failure to object when he would have lost the objection and Petitioner's sentencing range would have been increased was neither objectively unreasonable nor prejudicial. Petitioner's motion to vacate sentence will be denied.

**IV. Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue

"only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2).

Upon its review of the record, the court finds that Petitioner does not satisfy the above standard. Accordingly, it declines to issue a certificate of appealability.

V. **Conclusion**

For the foregoing reasons, the motion to vacate sentence filed by Petitioner will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
